Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
for the
SOUTHERN District of IOWA
CENTRAL Division

**RECEIVED**
MAY 11 2023
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

Tomika Hindson "ProSe"

*Plaintiff(s)*
(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)

-v-

Equifax Information Services, LLC
Experian Information Solutions, LLC
TransUnion, LLC

*Defendant(s)*
(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names.)

Case No. 4-23-cv-158
(to be filled in by the Clerk's Office)

Jury Trial: (check one)  ☒ Yes  ☐ No

## COMPLAINT FOR A CIVIL CASE

### I. The Parties to This Complaint

#### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Tomika Hindson |
| Street Address | P.O. BOX 3754 |
| City and County | URBANDALE, POLK |
| State and Zip Code | IOWA 50323 |
| Telephone Number | 928-875-5124 |
| E-mail Address | HINDSON.TOMIKA74@YAHOO.COM |

B. **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | EQUIFAX INFORMATION SERVICES LLC |
| Job or Title *(if known)* | |
| Street Address | 1550 PEACHTREE STREET NE |
| City and County | ATLANTA, FULTON COUNTY |
| State and Zip Code | GEORGIA 30309 |
| Telephone Number | 888-202-4025 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | EXPERIAN INFORMATION SOLUTIONS LLC |
| Job or Title *(if known)* | |
| Street Address | 475 ANTON BOULEVARD |
| City and County | COSTA MESA, ORANGE COUNTY |
| State and Zip Code | CALIFORNIA 92626 |
| Telephone Number | 714-830-7000 |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | TRANSUNION LLC |
| Job or Title *(if known)* | |
| Street Address | 555 WEST ADAMS STREET |
| City and County | CHICAGO, COOK COUNTY |
| State and Zip Code | ILLINOIS 60661 |
| Telephone Number | 855-681-3196 |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

E-mail Address *(if known)* _____

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal question        ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

A. **If the Basis for Jurisdiction Is a Federal Question**

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

This Court has jurisdiction over this matter Pursuant to 15 USC § 1681p and 28 USC §§ 1331. Venue is proper in this district under 28 USC § 1391(b).

B. **If the Basis for Jurisdiction Is Diversity of Citizenship**

1. The Plaintiff(s)

   a. If the plaintiff is an individual
      The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

   b. If the plaintiff is a corporation
      The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

   a. If the defendant is an individual

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

        The defendant, *(name)* _____, is a citizen of
        the State of *(name)* _____. Or is a citizen of
        *(foreign nation)* _____.

    b.    If the defendant is a corporation
        The defendant, *(name)* _____, is incorporated under
        the laws of the State of *(name)* _____, and has its
        principal place of business in the State of *(name)* _____.
        Or is incorporated under the laws of *(foreign nation)* _____,
        and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

_____

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

May 11, 2023

JURISDICTION AND VENUE

This Court has jurisdiction over this matter Pursuant to 15 USC § 1681p and 28 USC §§ 1331 and 1337. Venue is proper in this district under 28 USC § 1391(b).

DEMAND FOR JURY TRIAL

CIVIL COMPLAINT

Plaintiff (Tomika Hindson), files this present Civil Complaint against Defendant(s):
(Equifax Information Services, LLC), (Experian Information Solutions, LLC) and (TransUnion, LLC) for Violations of the Fair Credit Reporting Act (FCRA) 1681b(c)(1)(A)(B)(i)(3).

1) Plaintiff (Tomika Hindson) is a resident of Urbandale, Iowa.
2) Defendants (Equifax Information Services, LLC, Experian Information Solutions, LLC and TransUnion, LLC ) are Corporations Registered and Operating under the laws of Iowa.
3) The subject matter of this action arises from Defendant's negligent and or willful failure to follow reasonable procedures to ensure the accuracy of the information in Plaintiff's credit report, in violation of the Fair Credit Reporting Act ("FCRA"), 15 USC § 1681 et seq.
4) TransUnion, LLC (herein after "TransUnion") is a Consumer Reporting Agency as defined in 15 USC § 1681a(f) and is engaged in the business of assembling and distributing Credit Reports concerning consumers, as defined in 15 USC § 1681a(d)(1) of the Fair Credit Reporting Act, to third parties.
5) Upon facts and or findings, TransUnion is a limited liability company with its principal place of business located at 555 West Adams Street, Chicago, Illinois 60661.
6) Experian Information Solutions, LLC (hereinafter "Experian") is a Consumer Reporting Agency as defined in 15 USC § 1681a(f) and is engaged in the business of assembling and distributing Credit Reports concerning consumers, as defined in 15 USC § 1681a(d)(1) of the Fair Credit Reporting Act, to third parties.
7) Upon facts and or findings, Experian is also a limited liability company with its place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.
8) Equifax Information Services, LLC (hereinafter "Equifax") is a Consumer Reporting Agency as defined in 15 USC § 1681a(f) and is engaged in the business of assembling and distributing Credit Reports concerning consumers, as defined in 15 USC § 1681a(d)(1) of the Fair Credit Reporting Act, to third parties.
9) Upon facts and or findings, Equifax is also a limited liability company with its place of business located at 1550 Peachtree Street NE, Atlanta, Georgia 30309.
10) In or around 2020 to current, Plaintiff regularly requested a copy of her consumer reports from all three Consumer Reporting Agencies via Identity IQ, Equifax Credit Monitoring, Experian Credit Monitoring and TransUnion Credit Monitoring all free versions to check for accuracy across all agencies.
11) Upon reviewing the information which was furnished within the time frame from the credit reports provided, Plaintiff noticed various inaccuracies to which include deceptive and misleading credit reporting.
12) Defendants each assembled and distributed a credit report to "Caine and Weiner" containing inaccurate and or incomplete information with regards to Plaintiff's credit history, not even limited to:
A) inaccurate personal information names/alias.
B) inaccurate or outdated addresses to which I either never resided at or no longer reside at as per USPS directory.
C) inaccurate employment information.
D) account information as it relates to other current/former creditors and collection
E) unauthorized inquiries
13) Plaintiff is aware that although the inquiry by "Caine and Weiner" was listed as a promotional inquiry by which "Caine and Weiner" a former alleged collection account that was furnished until April of 2022 to which the entire account was removed due to CFPB Complaint from March of 2022.
14) Plaintiff has previously settled out of court with Caine and Weiner prior to this current complaint as of

March 2023.

15) Respectively, Defendants reported the Plaintiff having various inaccurate and or outdated personal information such as names, addresses and other reporting issues to include alleged collection accounts that were not properly validated as required by law prior to being furnished to Plaintiff credit reports.

THE FCRA

16) The FCRA was enacted by Congress to promote the accuracy and fairness of credit reporting to which:

i. The banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting practice diminishes the public's confidence which is vital to the continued functioning of the banking system.

ii. An elaborate mechanism has been developed for investigating and evaluating the creditworthiness, credit standing, credit capacity, character, and the general reputation of all consumers.

iii. Consumer Reporting Agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.

iv. There's a need to ensure that all Consumer Reporting Agencies exercise their grave responsibilities with fairness, impartiality and respect for the consumer's right to privacy "15 USC § 1681".

17) Plaintiff is aware that all Consumer Reporting Agencies ("hereinafter CRA's") can be held liable for allowing unauthorized access to consumers' credit reports. Under the Fair Credit Reporting Act (FCRA), CRA's are required to take reasonable procedures to ensure that consumer reports are only procured for authorized purposes.

18) In order to establish liability under the FCRA, the consumer needs to show that the CRA's acted willfully and negligently in allowing the unauthorized access, and that the consumer suffered harm as a result. The harm can be damage to credit reputation and or credit rating, identity theft or any other harm as deemed by the consumer as a result of the Defendants actions.

19) Plaintiff is also aware that unauthorized access to her credit reports is considered a violation of the (FCRA), which can result in actual, statutory and punitive damages.

20) In and throughout 2021 to Currently, Plaintiff has reached out by via mail, fax and the Defendants online dispute centers requesting that the information is deleted to reflect both fair and accurate credit reporting amongst all Credit Reporting Agencies across the board.

21) Plaintiff has even submitted numerous Complaints to the CFPB regarding the matter all dating back from 2021 to today's date as shown within the attached Exhibits.

22) Instead of conducting a reasonable investigation, the Defendants either verified the information reporting, sent stall letters requesting documentations of current address, photo ID after having uploaded and or having mailed the required documents from the very first correspondence all while continuing to report the negative, inaccurate or outdated as if doing so willfully.

23) The Defendants each have a duty under (FCRA) 15 USC § 1681e(b) to follow reasonable procedures to ensure the accuracy of the information contained in Plaintiff's credit report(s).

24) Defendants' failure to follow the reasonable procedures has led to the insertion of inaccurate information within the Plaintiff's credit report(s)

25) Although the Defendants have deleted irrelevant employment history, some inquiries and the alleged collection account by "Caine and Weiner" they still failed to conduct reasonable investigations by continuing to report inaccurate information while causing harm to Plaintiffs current credit reputation and or ratings.

26) Plaintiff has been forced to deal with the aggravation, humiliation and embarrassment of lower credit score or reputation, denial of credit, stress, anxiety and mental anguish as a result of the Defendant(s) conduct.

COUNT I: VIOLATION OF THE FAIR CREDIT REPORTING ACT
15 USC § 1681e(b) AGAINST EQUIFAX

27) All preceding paragraphs are re-alleged.

28) As a direct and proximate result of Equifax Information Services, LLC (Defendant) negligent and or willful failure to follow reasonable procedures to ensure the accuracy of the information in the Plaintiff's credit report, Plaintiff has endured damages in the amount not less than $32,000.00.

29) Caine and Weiner Promotional Inquiry date 1/2022 Unauthorized access to Plaintiff's credit reports for Pursuant to 15 USC § 1681b(f).

30) Caine and Weiner alleged Collection Account was noticed upon pulling of Equifax Credit Report.

31) Caine and Weiner alleged Collection Account was deleted upon pulling of Equifax Credit Report. after my CFPB Complaint was closed with response from Caine and Weiner.

32) Caine and Weiner and Plaintiff have agreed to an out of court settlement as of March 2023.

33) Plaintiff also disputed alleged collection account with "NCS INC DBA_ $766.00 which was noticed on 2-16-2022, on numerous occasions which happened to be deleted or removed in or around 6-5-2022 upon another pull of the Plaintiffs credit report.

34) Plaintiff has disputed 2 different addresses with the Defendant for deletion as follows: 4948 Mountain Vista Street, Las Vegas, Nevada 89112 and 605 E Alpine Street C2, Jonesboro, Arkansas 72401 of which are still being furnished on the Plaintiff's credit report.

35) On or around 11-10-2022, Plaintiff pulled Equifax credit report to notice that there were 2 alleged collection accounts being report by alleged creditor "Professional Credit Management".

36) On or around 2-9-2023 Plaintiff pulled Equifax credit report to discover that an alleged credit inquiry was added to reports from "JPMCB" as the Plaintiff has not inquired on any credit applications with the alleged creditor.

37) On or around 2-21-2023 Plaintiff pulled Equifax credit report to discover that an additional 25 alleged collection accounts by alleged creditor "Professional Credit Management" were added to Plaintiff's credit reports.

38) Plaintiff currently has an open Civil Complaint with the alleged creditor "Professional Credit Management" as of April 2023 so that complaint is separate as I investigated how to move forward with this complaint involving the Defendant Equifax Information Services, LLC.

39) Plaintiff is aware that each for each incident of inaccurate reporting of information that there is a civil liability of $1000.00 per (FCRA) violation Pursuant to 15 USC § 1681n(a)(1)(A)(B).

40) Plaintiff is also aware that if the violations have occurred due to reckless disregard per requirements of the FCRA, that each penalty can be imposed or increased to $1,500.00 per violation Pursuant to 15 USC § 1681o(a)(1)(2).

41) It should also be noted that the Plaintiff has never presented nor completed a change of address form with the following address of 605 E Alpine C2, Jonesboro, Arkansas 72401 which is connected to the alleged collection accounts that were reported and or reporting by "Professional Credit Management as Plaintiff has never resided at the address the Defendant Equifax currently has furnished within the credit report.

COUNT II: VIOLATION OF THE FAIR CREDIT REPORTING ACT
15 USC § 1681e(b) AGAINST
TRANSUNION

42) All preceding paragraphs are re-alleged.

43) As a direct and proximate result of TransUnion, LLC (Defendant) negligent and or willful failure to follow reasonable procedures to ensure the accuracy of the information in the Plaintiff's credit report, Plaintiff has endured damages in the amount not less than $34,000.00.

44) Plaintiff pulled TransUnion credit report on 6-16-2021 and became aware of an alleged collection account from "NCB Management Services" in the amount of $7,989.00 as the Plaintiff has not inquired on any credit applications and or transactions with the alleged creditor.

45) Plaintiff pulled TransUnion credit report on 3-16-2022 and became aware of an alleged collection account from "CAINE and WEINER" in the amount of $208.00 as the Plaintiff has not inquired on any credit applications and or transactions with the alleged creditor.

46) Caine and Weiner alleged Collection Account was deleted upon pulling of TransUnion Credit Report on or around 4-3-2022, after my CFPB Complaint was closed with response from Caine and Weiner.

47) Caine and Weiner and Plaintiff have agreed to an out of court settlement as of March 2023.

48) Plaintiff pulled TransUnion credit report on 11-10-2022 and became aware of 2 alleged collection accounts from "PROFESSIONAL CREDIT JONE" in the amount of $1202.00 as the Plaintiff has not inquired on any credit applications and or transactions with the alleged creditor.

49) Plaintiff pulled TransUnion credit report on 1-21-2023 and became aware of a hard inquiry from

CAPITAL ONE AUTO FINANCE as the Plaintiff has not inquired on any credit applications with the alleged creditor.

50) Plaintiff pulled TransUnion credit report on 1-21-2023 and became aware of a hard inquiry from ALLY FINANCIAL as the Plaintiff has not inquired on any credit applications with the alleged creditor.

51) Plaintiff pulled TransUnion credit report on 1-21-2023 and became aware of a hard inquiry from 700CR/DIAMOND JIM as the Plaintiff has not inquired on any credit applications with the alleged creditor.

52) Plaintiff pulled TransUnion credit report on 1-21-2023 and became aware of a hard inquiry from GREENSTATE CREDIT UNION as the Plaintiff has not inquired on any credit applications with the alleged creditor.

53) Plaintiff pulled TransUnion credit report on 1-21-2023 and became aware of a hard inquiry from JPMCB AUTO as the Plaintiff has not inquired on any credit applications with the alleged creditor.

54) On or around 2-21-2023 Plaintiff pulled TransUnion credit report to discover that an additional 25 alleged collection accounts by alleged creditor "Professional Credit Management" were added to Plaintiff's TransUnion credit report.

55) On or around 3-14-2023 Plaintiff pulled TransUnion credit report to discover that the number of alleged collection accounts by alleged creditor "Professional Credit Management" were down by 19 leaving **8** alleged collection accounts being reported by Defendant TransUnion LLC.

56) On or around 4-8-2023 Plaintiff pulled TransUnion credit report to discover that the number of alleged collection accounts by alleged creditor "Professional Credit Management" were down by another 7 leaving 1 alleged collection accounts being reported by Defendant TransUnion LLC.

57) Plaintiff currently has an open Civil Complaint with the alleged creditor "Professional Credit Management" as of April 2023 so that complaint is separate as I investigated how to move forward with this complaint involving the Defendant TransUnion, LLC.

58) Plaintiff is aware that each for each incident of inaccurate reporting of information that there is a civil liability of $1000.00 per (FCRA) violation Pursuant to 15 USC § 1681n(a)(1)(A)(B).

59) Plaintiff is also aware that if the violations have occurred due to reckless disregard per requirements of the FCRA, that each penalty can be imposed or increased to $1,500.00 per violation Pursuant to 15 USC § 1681o(a)(1)(2).

60) Plaintiff has disputed 2 different addresses with the Defendant for deletion as follows: 4948 Mountain Vista Street, Las Vegas, Nevada 89112 and 605 E Alpine Street C2, Jonesboro, Arkansas 72401 of which are still being furnished on the Plaintiff's credit report.

61) It should also be noted that the Plaintiff has never presented nor completed a change of address form with the following address of 605 E Alpine C2, Jonesboro, Arkansas 72401 which is connected to the alleged collection accounts that were reported and or reporting by "Professional Credit Management as Plaintiff has never resided at the address the Defendant Equifax currently has furnished within the credit report.


COUNT III: VIOLATION OF THE FAIR CREDIT REPORTING ACT
15   USC § 1681e(b) AGAINST EXPERIAN

62) All preceding paragraphs are re-alleged.

63) As a direct and proximate result of Experian Information Solutions, LLC (Defendant) negligent and or willful failure to follow reasonable procedures to ensure the accuracy of the information in the Plaintiff's credit report, Plaintiff has endured damages in the amount not less than $30,000.00.

64) Plaintiff pulled Experian credit report on 6-16-2021 and became aware of an alleged collection account from "NCB Management Services" in the amount of $7,989.00 as the Plaintiff has not inquired on any credit applications and or transactions with the alleged collection agency.

65) Plaintiff has disputed this account on numerous occasions with the Defendant and with CFPB sometime during 2022 but the Complaint was closed without proper validity of the alleged collection account being furnished by "NCB MANAGEMENT SERVICES".

66) Caine and Weiner alleged Collection Account was noticed upon pulling of Experian Credit Report on 3-16-2022.

67) Caine and Weiner alleged Collection Account was deleted upon pulling of Experian Credit Report after my CFPB Complaint was closed with response from Caine and Weiner.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

68)   Caine and Weiner and Plaintiff have agreed to an out of court settlement as of March 2023.
69)   Plaintiff also disputed alleged collection account with "NCS INC DBA_ $766.00 which was noticed on 2-16-2022, on numerous occasions which happened to be deleted or removed in or around 6-5-2022 upon another pull of the Plaintiff's credit report.
70)   Plaintiff has disputed 2 different addresses with the Defendant for deletion as follows: 4948 Mountain Vista Street, Las Vegas, Nevada 89112 and 605 E Alpine Street C2, Jonesboro, Arkansas 72401 of which are still being furnished on the Plaintiff's credit report.
71)   Plaintiff pulled Experian credit report on 11-18-2022 and became aware of 2 alleged collection accounts from "PROFESSIONAL CREDIT MANAGEMENT" as the Plaintiff has not inquired on any credit applications and or transactions with the alleged collection agency.
72)   Plaintiff pulled Experian credit report on 2-21-2023 and became aware of another 25 alleged collection accounts from "PROFESSIONAL CREDIT MANAGEMENT" as the Plaintiff has not inquired on any credit applications and or transactions with the alleged collection agency.
73)   Plaintiff pulled Experian credit report on 4-30-2023 and became aware that the number of alleged collection accounts furnished by "PROFESSIONAL CREDIT MANAGEMENT" has decreased from 27 accounts reporting to now 1 alleged collection account being furnished by the Defendant Experian as Plaintiff has not inquired on any credit applications and or transactions with the alleged collection agency.
74)   Plaintiff currently has an open Civil Complaint with the alleged creditor "Professional Credit Management" as of April 2023 so that complaint is separate as I investigated how to move forward with this complaint involving the Defendant Experian Information Solutions, LLC.
75)   Plaintiff is aware that each for each incident of inaccurate reporting of information that there is a civil liability of $1000.00 per (FCRA) violation Pursuant to 15 USC § 1681n(a)(1)(A)(B).
76)   Plaintiff is also aware that if the violations have occurred due to reckless disregard per requirements of the FCRA, that each penalty can be imposed or increased to $1,500.00 per violation Pursuant to 15 USC § 1681o(a)(1)(2).
77)   It should also be noted that the Plaintiff has never presented nor completed a change of address form with the following address of 605 E Alpine C2, Jonesboro, Arkansas 72401 which is connected to the alleged collection accounts that were reported and or reporting by "Professional Credit Management as Plaintiff has never resided at the address the Defendant Equifax currently has furnished within the credit report.

## IV.   Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

78) All preceding paragraphs are re-alleged
79) The FCRA provides that if a Consumer Reporting Agency fails to conduct an investigation of disputed information and confirms that the information is, in fact, inaccurate or are unable to verify the accuracy of the disputed information, the Consumer Reporting Agencies by law are required to delete that information from the consumer's file Pursuant to 15 USC § 1681i(a)(5)(A).
80) Plaintiff initiated many disputes with all three Consumer Reporting Agencies "Equifax, Experian and TransUnion" requesting that they correct or delete specific information or items within the Plaintiff's credit reports that were inaccurate and or unverifiable.
81) Defendants have all failed or have not conducted a reasonable investigation, have refused to address the matter and as a result of the Defendants Willful and or Negligent actions or their refusal has caused harm to the Plaintiff.
82) Plaintiff is entitled to actual damages, statutory damages and punitive damages as Defendants actions were willful acts Pursuant to 15 USC § 1681n
83) Plaintiff is entitled to actual damages, statutory damages and punitive damages as Defendants actions were negligent acts Pursuant to 15 USC § 1681o
84) Defendants have caused injury in fact to Plaintiff, by causing mental and emotional distress, damage to the Plaintiff's credit reputation and credit ratings, by not having the ability to obtain credit regarding securing housing as the Defendants have all continued report the inaccurate and outdated information.
85) Defendants have all failed to correct errors during several attempts of disputes as the Plaintiff complained on numerous occasions and by Defendants negligence in failing to properly investigate the issues presented upon the Plaintiff via disputes.

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:       05/11/2023

Signature of Plaintiff        *Tomika Hindson* (signature)
Printed Name of Plaintiff     Tomika Hindson

### B. For Attorneys

Date of signing:

Signature of Attorney

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Printed Name of Attorney  _____
Bar Number  _____
Name of Law Firm  _____
Street Address  _____
State and Zip Code  _____
Telephone Number  _____
E-mail Address  _____